IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DOROTHY HOPPER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-1241-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| KMART CORPORATION, a foreign | ) | |
| corporation, aka SEARS HOLDING | ) | |
| COMPANY; and, KMART STORE #4288, | ) | |
| an Oregon business; and JOHN DOE, | ) | |
| Manager of Kmart Store #4288; and, JOHN | ) | |
| DOE 2, the person or business responsible | ) | |
| for maintenance of the automatic door | ) | |
| mechanism at Kmart Store #4288; and | ) | |
| HALMA HOLDINGS, INC., a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Joshua Shulman
520 S.W. 6th Avenue, Suite 920
Portland, Oregon  97204

Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Heidi L. Mandt
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. 5th Avenue, Suite 1900
Portland, Oregon  97204

      Attorney for Defendant

KING, Judge:

Plaintiff, an 87-year old woman, sues for negligence due to an automatic door at the Kmart store closing on her.  Kmart removed this action on August 29, 2006 based on diversity jurisdiction.  Plaintiff's Motion to Remand (#8) is before the court.

## PROCEDURAL BACKGROUND

After filing her motion to remand, plaintiff sought leave to amend her complaint to name Stoner Electric, an Oregon corporation, The Stanley Works, and B.E.A., Inc., both foreign corporations.  Since defendant Kmart did not oppose the motion to amend the complaint, the Court granted it.

## DISCUSSION

Courts strictly construe the removal statute against removal jurisdiction, and any doubt as to the right of removal is resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

I.    Joinder of all Parties in the Notice of Removal

"Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (quoting Emrich v. Touche Ross & Co.,

Page 2 - OPINION AND ORDER

846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).  An exception exists for defendants who have not been served.  Riggs, 223 F. Supp. 2d at 1264.

Plaintiff argues that Kmart failed to join defendant Halma in the notice of removal. Halma was served on August 23, 2006, and Kmart removed the action on August 28.  According to plaintiff, in its notice of removal, Kmart incorrectly reported that Halma had not yet been served.

Kmart responds that although Halma had been served at the time of removal, the state docket did not reflect this fact.  Kmart relies on a District of New Jersey case, in which the court found that the case was properly in federal court even though one defendant, who was not joined in the removal, had been served a few days before removal.  According to the court, it was "reasonable to assume that the [removing defendants] could not have known from any record" that the co-defendants had been served.  Driscoll v. Burlington-Bristol Bridge Co., 82 F. Supp. 975, 984-85 (D.N.J. 1949).  Although Halma was served on August 23, 2006, and the Notice of Removal was filed on August 28, 2006, the proof of service on Halma was not filed until September 7, 2006.

Plaintiff replies that Kmart should have contacted counsel for plaintiff, or defendant Halma or its counsel, to confirm whether or not Halma had been served.

I agree with Kmart.  Since Kmart could not have known from the state court docket that Halma had been served at the time it filed its removal petition, the "non-served defendant" exception applies.  Accordingly, the fact that Halma has not joined in and consented to the removal does not result in a remand.

Page 3 - OPINION AND ORDER

II.    <u>Fictitious Defendant</u>

After filing her complaint in state court, plaintiff learned that the company that worked on the automatic door was Stoner Electric, an Oregon corporation.  Plaintiff had identified Stoner Electric as "John Doe 2, the person or business responsible for maintenance of the automatic door mechanism at Kmart store #4288" in her complaint.  While removal jurisdiction is ordinarily determined at the time the action is removed, and normally the citizenship of a fictitious defendant is not considered, plaintiff argues that the court should consider the identity of a fictitious defendant when plaintiff gives a description that cannot reasonably be questioned. This is particularly true where the defendant is in a position to know the citizenship of the fictitious defendant.  <u>Marshall v. CSX Transp. Co., Inc.</u>, 916 F. Supp. 1150 (M.D. Ala. 1995); <u>Brown v. TranSouth Financial Corp.</u>, 897 F. Supp. 1398 (M.D. Ala. 1995).  Here, according to plaintiff, Kmart should have known that its agent, Stoner Electric, is an Oregon corporation. Plaintiff also states that she would have known the identity of John Doe 2 had Kmart been more forthcoming; Stoner has been servicing Kmart's doors for over 18 years.

Kmart responds that 28 U.S.C. § 1441(a) directs "the citizenship of defendants sued under fictitious names shall be disregarded."  Kmart argues that plaintiff's cases are not binding authority and, moreover, the District of Alabama considered the citizenship of fictitious defendants because they were *employees* of the named defendant.  Defendant also contends that these cases have since been "overruled" by another Alabama district court case.  <u>Howell v. Circuit City</u>, 330 F. Supp. 2d 1314 (M.D. Ala. 2004).

<u>Howell</u> specifically states that it will rely on the dispositive language of the statute directing that citizenship of fictitious defendants "shall" not be considered.  <u>Id.</u> at 1317.  <u>Howell</u>

also distinguishes <u>Marshall</u> and <u>Brown</u> (rather than "overruling" them), asserting that those cases dealt with circumstances in which plaintiff sought to amend the complaint to add a resident defendant. <u>Id.</u> at 1318. In both <u>Marshall</u> and <u>Brown</u>, the court discussed the fact that the defendant employer knew or should have known the identity of the fictitious defendant.

I decline to follow Alabama case law. However, I remand under 28 U.S.C. § 1447(e). That statute states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Stoner Electric is an Oregon corporation, which plaintiff recently named in her Third and Fourth Amended Complaints. The addition of Stoner Electric destroys complete diversity. See <u>Doleac v. Michalson</u>, 264 F.3d 470, 476 (5th Cir. 2001) (amended complaint replacing fictitious defendant with non-diverse defendant destroyed diversity, thereby defeating federal subject matter jurisdiction). Accordingly, I remand this action to Multnomah County Circuit Court.

III.    <u>Attorney Fees</u>

Plaintiff seeks attorney fees to reimburse her for her opposition to the notice of removal, based on the fact that it was obvious the case was not removable.

I decline to award attorney fees to plaintiff since I do not remand on either of the bases identified in her motion to remand.

///


///



Page 5 - OPINION AND ORDER

## CONCLUSION

Plaintiff's Motion to Remand (#8) is denied.  Nevertheless, the case is remanded to

Multnomah County Circuit Court pursuant to 28 U.S.C. § 1447(e).

IT IS SO ORDERED.

Dated this _____24th_____ day of October, 2006.

_____/s/ Garr M. King_____

Garr M. King
United States District Judge